Homai BEHZADPOUR, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 90–2886.

United States Court of Appeals,
Eighth Circuit.

Submitted May 17, 1991.

Decided Oct. 10, 1991.

Robert Frager, Kansas City, Mo., argued, for petitioner.

Alison R. Drucker, Dept. of Justice, Washington, D.C., argued (Stuart M. Gerson and Mark C. Walters, on brief), for respondent.

Before FAGG, WOLLMAN, and MAGILL, Circuit Judges.

FAGG, Circuit Judge.

Homai Behzadpour, an alien from Iran, entered the United States on a nonimmigrant visitor's visa and did not leave when it expired. After Behzadpour failed to depart voluntarily, the Immigration and Naturalization Service began deportation proceedings against her. At Behzadpour's deportation hearing, she conceded deportability but applied for political asylum and withholding of deportation based on her political opinion. *See* 8 U.S.C. §§ 1158, 1253(h) (1988). The immigration judge (IJ) denied Behzadpour's application, and the Board of Immigration Appeals (the Board) dismissed her appeal. Behzadpour now appeals to this court, and we affirm.

Before the Khomeini Revolution, Behzadpour worked for the Iranian army as a civilian electronics engineer. In this capacity, Behzadpour interacted with American military officers and two high-ranking, pro-Shah Iranian military generals. The Iranian generals were also "close friends" of Behzadpour and her husband. After Khomeini took power, one of the generals committed suicide and the other served two years in prison before leaving the country. The revolutionary court suspended Behzadpour from her job. Five months later, however, a military court reviewed her association with the Iranian generals and American officers, and reinstated her at a lower grade level. Later, the Iranian government granted Behzadpour an exit visa allowing her to travel in Europe for one month. Behzadpour went to West Germany and obtained a visa to enter the United States for the purpose of visiting relatives. Behzadpour then came to the United States with her son and daughter without the knowledge of Iranian authorities. Behzadpour concedes she has never belonged to any political organizations in Iran or the United States, and told only her family and friends of her "pro-United States" attitude. Behzadour's husband still lives and works in Iran.

Noting that Behzadpour had made a successful transition from one Iranian regime to another and that considerable time had lapsed between the revolution and Behzadpour's departure from Iran, the IJ found Behzadpour's main reason for seeking asylum was to prevent her teenage son from being drafted into the Iranian armed forces. The IJ concluded Behzadpour failed to show a clear probability she would be persecuted because of her political opinion, and thus denied her request for asylum and withholding of deportation. Recognizing the IJ had applied an incorrect standard of proof to Behzadpour's asylum application, the Board reviewed Behzadpour's case de novo, applied the proper standards of proof, and concluded she had failed to demonstrate a well-founded fear of persecution making her eligible for asylum or a clear probability of persecution entitling her to withholding of deportation. The Board dismissed Behzadour's appeal.

The Attorney General has discretion to grant asylum to "refugees." 8 U.S.C. § 1158(a) (1988). A "refugee" is a person who is unable or unwilling to return home "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Id.* § 1101(a)(42)(A). To prove the existence of a well-founded fear of persecution, an asylum applicant must show a reasonable person in the applicant's circumstances would fear persecution if returned to the applicant's native country. *Balazoski v. INS*, 932 F.2d 638, 640 (7th Cir.1991); *Castillo–Rodriguez v. INS*, 929 F.2d 181, 184 (5th Cir.1991); *see also INS v. Cardoza–Fonseca*, 480 U.S. 421, 430–31, 107 S.Ct.

1207, 1212–13, 94 L.Ed.2d 434 (1987). An asylum applicant must also show the feared persecution is based on one of the five grounds listed in section 1101(a)(42)(A). *Castillo–Rodriguez,* 929 F.2d at 184.

■ Behzadpour contends she proved a well-founded fear of persecution based on her political opinion, and thus, the Board committed error in concluding she is ineligible for asylum. We must uphold the Board's finding that Behzadpour has no well-founded fear of political persecution if it is supported by substantial evidence. *Id.* Having reviewed the record, we conclude substantial evidence supports the Board's finding.

Behzapour testified she fears she will be imprisoned if returned to Iran because an Iranian court has sentenced her to imprisonment. To prove her fear is reasonable, Behzadpour presented a document notifying her an Iranian court convicted her of "escape from service" in violation of Islamic and army penal law, sentenced her to imprisonment for two years, and discharged her from employment. To prove her criminal prosecution is political persecution, Behzadpour must show the crime is political, she did not receive a fair trial, *see id.* at 185, or the Iranian government had an improper motive for pursuing her conviction, *Mabugat v. INS,* 937 F.2d 426, 429 (9th Cir.1991). Behzadpour failed to make these showings. Although Behzadpour was not present during the proceedings resulting in her conviction, Behzadpour concedes that Iranian process permits the prosecution of absentees. Thus, Behzadpour's conviction does not constitute political persecution.

Behzadpour also presented the testimony of a United States Army officer. The officer testified Behzadpour may be imprisoned if she returns to Iran because of her travel to the United States in violation of her Iranian exit visa and because of her association with the generals. Punishment for violation of a fairly administered passport law is not political persecution. *Coriolan v. INS,* 559 F.2d 993, 1000 (5th Cir.1977). In addition, given Behzadpour's successful transition from one Iranian re-

gime to another, we cannot impute the generals' political opinions and persecution to Behzadpour. *See Aguilera–Cota v. INS,* 914 F.2d 1375, 1379–80 (9th Cir.1990). The officer's testimony that the Iranian government might suspect Behzadour of being a spy is merely speculative and thus the Board was entitled to reject it. *See Haftlang v. INS,* 790 F.2d 140, 144 (D.C.Cir.1986).

Finally, Behzapour submitted several articles about the political situation in Iran, the torture of prisoners there, and the status of women and children in the culture. Because these articles do not suggest Iran singles out persons like Behzadpour for political persecution, the articles do not show Behzadpour's fear of political persecution is reasonable. *See M.A. v. INS,* 899 F.2d 304, 312–13 & n. 6 (4th Cir.1990) (en banc) (pronouncements of private organizations are a problematic basis for determining asylum eligibility); *Mendez–Efrain v. INS,* 813 F.2d 279, 282 (9th Cir.1987).

In sum, the persecution Behzadpour fears she will suffer if returned to Iran is not based on her political opinion. Instead, Behzadpour fears she will be held accountable for her violation of nonpolitical Iranian law. Behzadpour presented no evidence suggesting she has been singled out because of her political views. Moreover, Behzadpour's husband is suffering no punitive sanctions for his friendship with the generals or for his wife's absence from Iran. Accordingly, we conclude substantial evidence supports the Board's finding that Behzadpour does not have a well-founded fear of persecution based on political opinion. *See Shoaee v. INS,* 704 F.2d 1079, 1084 (9th Cir.1983) (holding substantial evidence supported Board's rejection of Iranian's application for political asylum in case involving similar facts and record); *see also Haftlang,* 790 F.2d at 144.

■ Behzadpour also sought to have her deportation withheld. The Attorney General must withhold deportation of an alien to a country if the "alien's life or freedom would be threatened in [that] country on account of race, religion, nationality, membership in a particular social

group, or political opinion." 8 U.S.C. § 1253(h)(1) (1988). Applicants for withholding of deportation must show a "clear probability" they will face persecution in the country to which they will be deported. *Balazoski*, 932 F.2d at 640; *Castillo–Rodriguez*, 929 F.2d at 185. The persecution must be based on one of the grounds listed in section 1253(h)(1). *Castillo–Rodriguez*, 929 F.2d at 185.

It is easier to prove a well-founded fear of persecution than a clear probability of persecution. *See Cardoza–Fonseca*, 480 U.S. at 423, 430–31, 107 S.Ct. at 1209, 1212–13. Thus, in affirming the Board's conclusion that Behzadpour is not eligible for asylum, we necessarily conclude she is not entitled to have deportation withheld. *Balazoski*, 932 F.2d at 640; *Castillo–Rodriguez*, 929 F.2d at 185.

Behzadpour also contends the Board should have remanded her case to the IJ for rehearing under the proper standard of proof. We disagree. The Board has the power to review the record de novo, to make its own findings, and to determine independently the legal sufficiency of the evidence. *Elnager v. INS*, 930 F.2d 784, 787 (9th Cir.1991). Here, the record contained enough evidence from which the Board could determine whether Behzadpour had a well-founded fear of persecution based on political opinion. *See id.* at 787–88. Thus, the Board did not abuse its discretion in reviewing Behzadpour's case de novo rather than remanding it.

We thus affirm the Board's decision.