·Robert Frager, Kansas City, MO, argued, for petitioner.

Karen Fletcher Torstenson, Washington, DC, argued (Stuart E. Schiffer, Robert Kendall, Jr. and Karen Fletcher Torstenson, on the brief), for respondent.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

**Ahmed EL BALGUITI, Petitioner,**

v.·

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 93–1461.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1993.

Decided Sept. 27, 1993.

PER CURIAM.

Ahmed El Balguiti appeals from a final order of the Board of Immigration Appeals affirming an immigration judge's decision to deny him asylum and withholding of deportation under the relevant statutes. *See* 8 U.S.C. § 1158 (1988); 8 U.S.C. § 1253(h) (Supp. IV 1992). We affirm.

## BACKGROUND

El Balguiti, a 48–year–old single male, is a native and citizen of Morocco. He entered the United States on or about December 3, 1981, as a nonimmigrant visitor authorized to remain until September 3, 1982. On October 13, 1983, an Order to Show Cause was issued charging El Balguiti

with deportability. The deportation hearing commenced on November 16, 1983, with El Balguiti represented by counsel. After deportability was conceded, the hearing was continued for El Balguiti to submit an asylum application.[1]

In a decision dated April 6, 1987, an immigration judge found El Balguiti deportable as charged because he did not establish his status as a "refugee" within the meaning of 8 U.S.C. § 1101(a)(42)(A) and denied his applications. El Balguiti appealed from this decision and requested oral argument before the Board.

On appeal to the Board, El Balguiti raised three arguments. First, he contended that the immigration judge improperly denied a continuance that he requested for the submission of additional evidence. Second, he contended that the immigration judge's demeanor and conduct during the hearing was unfair and violated the laws and treaties relating to refugees. Lastly, El Balguiti argues that he met his burden of proof in establishing a well-founded fear of persecution in Morocco.[2] The Board upheld the decision of the immigration judge, rejecting each of El Balguiti's arguments.

Regarding El Balguiti's asylum claim, the Board concluded that El Balguiti failed to establish that he justifiably feared persecution, either because of his participation in a 1981 demonstration protesting price increases, or activities prior to that time.[3] The only evidence before the Board was the testimony of El Balguiti's brother who has resided in the United States since the 1970s and statements of his other siblings that El Balguiti recounted in his testimony. Despite these accounts, the Board concluded that it is not clear whether El Balguiti would be sought for reasons other than prosecution for violation of Moroccan laws, and that "[i]f charges are brought based on criminal conduct, prosecution for fairly administered laws does not implicate any grounds for asylum." Jt.App. at 17 (citation omitted). The Board noted that an exception to the aforementioned rule exists if the alien fears punishment that is not legitimate, but instead masks an invidious motive. The Board found no evidence of motive, much less an invidious motive, on the part of the authorities that El Balguiti alleges are looking for him. Lastly, the Board found El Balguiti's contention that he would be persecuted on account of a Christian religious affiliation to be completely unsubstantiated.

## DISCUSSION

The Attorney General shall determine whether an alien is a "refugee" within the

---

1. In its order, the immigration judge treated El Balguiti's request for asylum as including a request for withholding of deportation. *See* 8 C.F.R. 208.3(b) (1993) (an application for asylum shall be deemed to constitute at the same time an application for withholding of deportation). The burden of proof is on the applicant for withholding of deportation to establish that a person's "life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1253(h)(1) (Supp. IV 1992). "Applicants for withholding of deportation must show a 'clear probability' they will face persecution in the country to which they will be deported." *Behzadpour v. United States*, 946 F.2d 1351, 1354 (8th Cir.1991) (citation omitted). Persecution must be based on one of the grounds listed in section 1253(h)(1). Because it is easier to prove a well-founded fear of persecution than a clear probability of persecution, and because we affirm the Board's conclusion that El Balguiti is not eligible for asylum, we must necessarily conclude that he is not entitled to have deportation withheld. *Behzadpour*, 946 F.2d at 1354.

2. El Balguiti does not dispute the Board's rejection of his first two arguments in his current appeal, and thus we will not address them.

3. Although El Balguiti asserts a well-founded fear of persecution, the Board determined that the record contradicted this assertion based on the following: First, El Balguiti made yearly trips to foreign countries prior to 1974 on passports he obtained from his native country. He came to the United States for a few months in 1974, and from 1975 to 1980, he did not leave Morocco because he stated that he did not feel threatened. Second, El Balguiti has two brothers, three nieces, two sisters, and many aunts and uncles residing in Morocco who have not been harmed. Third, the Board found it relevant, in the context of the entire record, that in departing Morocco in August 1981 after the protests, El Balguiti traveled through Spain and France (Moroccans were afforded favored status in these countries, and thus El Balguiti would not have been required to obtain a visa) before arriving in England where he obtained a visitor's visa to come to the United States. In 1981 El Balguiti had traveled through several countries but sought asylum in none of them.

 **1137**

meaning of 8 U.S.C. § 1101(a)(42)(A). 8 U.S.C. § 1158(a) (1988). If a determination is made that the alien is a "refugee," the Attorney General may grant the alien asylum at her discretion. 8 U.S.C. § 1158(a) (1988). A "refugee" is defined as a person unable to return to his or her country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A) (1988). "To prove the existence of a well-founded fear of persecution, an asylum applicant must show a reasonable person in the applicant's circumstances would fear persecution if returned to the applicant's native country." *Behzadpour v. United States,* 946 F.2d 1351, 1352 (8th Cir.1991) (citations omitted). An applicant for asylum must also show that the feared persecution is based on one of five grounds listed in section 1101(a)(42)(A).

█ El Balguiti contends that his fear of the threats of persecution were real and that such threats are politically motivated. Thus, he contends that the Board committed error in finding him ineligible for asylum.

> The [Board]'s determination that [El Balguiti] was not eligible for asylum must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." It can be reversed only if the evidence presented by [El Balguiti] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed.

*INS v. Elias–Zacarias,* —— U.S. ——, ——, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (quoting 8 U.S.C. § 1105a(a)(4)). Having carefully reviewed the record, and for the reasons stated in the Board's decision, we conclude that a reasonable factfinder would not have to find the requisite fear of persecution. We consequently affirm the decision of the Board.