24 F.3d 242
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Randhir K. SINGH, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-2918.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 10, 1994.
Filed: June 6, 1994.
 
 Before ARNOLD, Chief Circuit Judge, LIVELY,* Senior Circuit Judge, and FAGG, Circuit Judge.
 PER CURIAM.
 
 
 1
 The petitioner is a 52-year-old citizen of Guyana who came to the United States in 1983 under a non-immigrant visitor visa. He remained here after his visa expired and was served with a show cause order charging him with deportability for remaining in the United States longer than permitted. 8 U.S.C. Sec. 1251(a)(2) (1988).
 
 
 2
 Shortly after Singh arrived in the United States he went through a wedding ceremony with a woman he had known a short time. At his deportation hearing Singh claimed that although they were later divorced he had entered into the marriage with the purpose of establishing a lasting relationship as husband and wife. His former wife testified at the hearing, however, and completely repudiated Singh's version, stating that she had married Singh only to help him stay in the United States. Furthermore, the former wife's roommate testified that there was no marriage and that the petitioner and the woman never lived together.
 
 
 3
 Singh conceded deportability but sought political asylum, an order withholding deportation, or a voluntary departure order. Both the immigration judge and the Board of Immigration Appeals (BIA) denied Singh's application on all three grounds and ordered him deported.
 
 I.
 A.
 
 4
 Singh based his political asylum claim on his assertion that the government of Guyana discriminates against Guyanese who are of Indian origin and are Hindus. He contended that the Afro-Guyanese who govern the country tend to discriminate politically against Hindus in terms of government jobs, ownership of property, and participation in elections. To establish the fact that he was a target of discrimination Singh testified about vandalization of a Hindu temple and various transgressions against Hindus, which he claimed the Guyana police ignored. He relied on one specific incident where his brother-in-law was murdered during a Hindu religious celebration.
 
 
 5
 Singh also claimed that he was a leader of an opposition political party in Guyana and that members of the party were treated "like dogs."
 
 B.
 
 6
 The immigration judge denied Singh's claim of eligibility for political asylum after finding that there was no evidence that the petitioner was singled out for persecution or that the government of Guyana was behind the violent acts against Hindus. Furthermore, in light of the petitioner's false claims about his marriage, the immigration judge found that the petitioner was not a credible witness on any issue. This lack of credibility led the judge to deny the request for voluntary departure.
 
 
 7
 The BIA affirmed the immigration judge's decision, finding that the evidence failed to show "that a reasonable person in [Singh's] circumstances would fear persecution on account of race, religion, nationality, membership in a particular social group, or political opinion...." Furthermore, the BIA found that Singh gave false testimony under oath and was statutorily ineligible for voluntary departure under 8 U.S.C. Sec. 1101(f)(6).
 
 
 8
 On appeal the petitioner repeats the arguments that he made in his brief before the BIA. Finding that the decision of the BIA is supported by substantial evidence and that the Board followed controlling law, we affirm.
 
 II.
 
 9
 The Refugee Act of 1980 added a new section 208(a) to the Immigration and Naturalization Act of 1952. 8 U.S.C. Sec. 1158(a) (1988); INS v. Cardoza- Fonseca, 480 U.S. 421, 427 (1987). This section authorizes the Attorney General of the United States, in her discretion, to grant political asylum to a refugee who is unable or unwilling to return to his country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." Cardoza- Fonseca, 480 U.S. at 423 (quoting definition of "refugee" set forth in 8 U.S.C. Sec. 1101(a)(42)(A)).
 
 
 10
 In order to prove the existence of a well-founded fear of persecution, an applicant for asylum must demonstrate that a reasonable person in his position would fear persecution if he returned to his country of origin. Behzadpour v. United States, 946 F.2d 1351, 1352 (8th Cir. 1991). The reasonable fear must also be based on one or more of the five factors listed in Sec. 1101(a)(42)(A). Id. Singh relies on at least two of these factors, religion and political opinion.
 
 
 11
 To cause reversal of a BIA decision denying asylum an applicant must demonstrate that "the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Alsheweikh v. INS, 990 F.2d 1025, 1027 (8th Cir. 1993) (quoting INS v. Elias-Zacarias, 502 U.S. , 112 S.Ct. 812, 817 (1992). Although Singh presented some evidence from which the immigration judge and BIA could have found both an objective and a subjective well- founded fear of persecution, the evidence was clearly not sufficiently compelling to require reversal. With respect to the incident in which Singh's brother-in-law died, the record supports a finding that the killing occurred during a robbery and that it was not part of a pattern of persecution. Furthermore, Singh presented no evidence that he was ever singled out for persecution because of his religious or political activities. The fact that Hindu citizens of Guyana are treated shabbily by the authorities is not enough.
 
 III.
 
 12
 Singh also sought an order withholding deportation under 8 U.S.C. Sec. 1253(h)(1), which provides that "[t]he Attorney General shall not deport or return any alien ... to a country if the Attorney General determines that such alien's life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion." Although the five qualifying grounds are the same as for asylum, different standards apply. Refugee status alone does not qualify an alien for withholding of deportation under Sec. 1253(h), and the well-founded fear standard does not apply. INS v. Stevic, 467 U.S. 407, 428 (1984). The standard for this non-discretionary relief is a "clear probability of persecution." Id. at 430. Thus, the applicant must show that "it is more likely than not that the alien would be subject to persecution on one of the specified grounds." Id. at 429-30. This court has held that inasmuch as "it is easier to prove a well-founded fear of persecution than a clear probability of persecution," the finding that an applicant does not qualify for asylum necessarily leads to the conclusion that the alien is not entitled to have deportation withheld. Behzadpour, 946 F.2d at 1354.
 
 IV.
 
 13
 The Attorney General may permit an alien under deportation proceedings to depart voluntarily at his own expense in lieu of deportation. To be eligible for this discretionary relief from involuntary deportation, the alien must establish that "he is, and has been, a person of good moral character for at least five years immediately preceding his application for voluntary departure...." 8 U.S.C. Sec. 1254(e)(1). By definition, however, a person cannot be found to be a person of good moral character who, within the required time, "has given false testimony for the purpose of obtaining any benefits" under the Immigration and Nationality Act. 8 U.S.C. Sec. 1101(f)(6). As noted, Singh gave false testimony concerning his "marriage." Thus, the immigration judge and the BIA correctly determined that Singh was not eligible for voluntary departure.
 
 
 14
 The order of the BIA dismissing Singh's appeal from the immigration judge's order of deportation is affirmed.
 
 
 
 *
 The HONORABLE PIERCE LIVELY, Senior Circuit Judge for the Sixth Circuit, sitting by designation