46 F.3d 1135
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Maria Victoria AVILES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-1870.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 8, 1995.
Filed: Feb. 13, 1995.
 
 Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Aviles, a citizen of El Salvador, entered the United States without inspection through the Arizona border around December 5, 1991; traveled to Sioux City, Iowa; purchased a social security card and a birth certificate; and used the documents to obtain employment. When the Immigration and Naturalization Service (INS) began deportation proceedings against Aviles, she conceded deportability but requested political asylum, withholding of deportation, or voluntary departure.
 
 
 2
 After a hearing, the immigration judge (IJ) denied Aviles's request for asylum because she had not established an objective basis for her fear of returning to El Salvador. The IJ found that she was never specifically threatened or harmed, that she never engaged in political activities herself, that the disappearances and killings about which she testified were not ascribed to a political motive, and that she had not shown she has been singled out for persecution or has a reasonable basis for fearing such persecution upon return. For the same reasons, the IJ denied her request for withholding of deportation. The IJ also denied her request for voluntary departure, finding that she did not have the funds or means to leave the United States and that she had purchased and used false documents to establish a fictitious identity to obtain employment. On appeal, the BIA upheld the IJ's decision.
 
 
 3
 The Attorney General has discretion to grant asylum to an alien who is unable or unwilling to return to her home country "because of persecution or a well-founded fear of persecution on account of ... political opinion." 8 U.S.C Sec. 1101(a)(42)(A); see id. Sec. 1158(a). Under this standard, Aviles had to show that a reasonable person in her circumstances would fear political persecution if returned to El Salvador. See Behzadpour v. United States, 946 F.2d 1351, 1352-53 (8th Cir. 1991). We review the BIA's factual findings underlying its refusal to grant asylum, including whether Aviles has proved a well-founded fear of persecution, under the substantial-evidence standard, i.e., "whether, based on the record considered as a whole, the BIA's decision was supported by reasonable, substantial, and probative evidence"; we will reverse only if Aviles shows "the evidence was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Hajiani-Niroumand v. INS, 26 F.3d 832, 838 (8th Cir. 1994) (citing INS v. Elias-Zacarias, 112 S. Ct. 812, 815 & n.1 (1992)).
 
 
 4
 Here, a reasonable factfinder could find Aviles lacked a well-founded fear of political persecution. The record shows that Aviles never expressed any political opinions while living in El Salvador. Nor has Aviles argued that her neutrality constituted a political opinion. See Lopez-Zeron v. United States Dep't of Justice, 8 F.3d 636, 638 (8th Cir. 1993) (per curiam). While Aviles testified that her father disappeared in 1979, her family was robbed, and her nephew and brother-in-law were killed, Aviles has not shown any connection between these events and any political opinion she may have had. See id. ("persecution must be 'on account of' one of the five impermissible reasons in Sec. 1101(a)(42)(A), and must be directed against the individual"). Aviles's argument that the guerrillas in El Salvador have imputed a hostile political opinion to her because she fled to the United States is unsupported. See Canas-Segovia v. INS, 970 F.2d 599, 601-02 (9th Cir. 1992) (discussing "imputed political opinion" basis for fear of persecution).
 
 
 5
 The Attorney General must withhold deportation of an alien to a country if the "alien's life or freedom would be threatened in [that] country on account of ... political opinion." 8 U.S.C. Sec. 1253(h)(1). Applicants for withholding of deportation must show a "clear probability" they will face persecution in the country to which they will be deported. See Behzadpour, 946 F.2d at 1354. Because it is easier to prove a well-founded fear of persecution under section 1158(a) than a clear probability of persecution under section 1253(h), an applicant not eligible for asylum is necessarily not entitled to have deportation withheld. See id. Thus, the BIA correctly denied withholding of deportation.
 
 
 6
 Aviles bore the burden of proving her statutory eligibility for voluntary departure, and we review for substantial evidence the BIA's factual finding that she was not eligible. See Rivera-Zurita v. INS, 946 F.2d 118, 120 (10th Cir. 1991). An alien is statutorily eligible for voluntary departure if she shows that she "is, and has been, a person of good moral character for at least five years immediately preceding [her] application for voluntary departure." 8 U.S.C. Sec. 1254(e); see also White v. INS, 6 F.3d 1312, 1313 n.1 (8th Cir. 1993), cert. denied, 114 S. Ct. 2162 (1994). Based on Aviles's admission that she illegally purchased and used a false social security card and birth certificate, a reasonable factfinder could find that Aviles was not a person of good moral character and, therefore, not statutorily eligible for voluntary departure. See 8 U.S.C. Sec. 1101(f) (BIA or IJ can find alien not of good moral character for non-exclusive number of reasons). Even if Aviles were deemed eligible, she has not shown an abuse of discretion in the denial of voluntary departure. See 8 U.S.C. Sec. 1254(e).
 
 
 7
 Accordingly, we deny the petitioner's request for review.