_____

No. 95-1326
_____

Chen Sang Sun,                          *
                                        *
          Petitioner,                   *
                                        *
     v.                                 *   Petition for Review of
                                        *   an Order of the Immigration
                                        *   and Naturalization Service.
Immigration and Naturalization          *
Service,                                *      **[UNPUBLISHED]**
                                        *
          Respondent,                   *
_____

          Submitted:  January 26, 1996

          Filed:  February 8, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

     After Chen Sang Sun, a citizen of China, entered the United
States in 1993 without inspection by an immigration officer, the
Immigration and Naturalization Service (INS) ordered Sun to show
cause why he should not be deported.  Sun conceded deportability,
but applied for asylum.  An Immigration Judge (IJ) denied relief,
and the Board of Immigration Appeals (BIA) dismissed Sun's appeal
of the IJ's denial of relief.  Sun now petitions for review.
Reviewing the BIA's factual findings underlying its refusal to
grant asylum under the substantial-evidence standard, see Hajiani-
Niroumand v. INS, 26 F.3d 832, 838 (8th Cir. 1994), we deny Sun's
petition.

     The Attorney General has discretion to grant asylum to a
"refugee."  8 U.S.C. § 1158(a).  A refugee is an alien who is
unwilling to return home because of "persecution or a well-founded

fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Sun contended that his family was a social group that had been mistreated because of its poverty and resistance to government authority, and that he would be persecuted if returned to China based on his membership in the Sun family, his newly-acquired Christian faith, and his violation of Chinese exit laws.

Sun presented evidence that one of his uncles had had trouble with Chinese authorities in 1990 or 1991 following the uncle's refusal to repay his partners' shares of a government loan, which culminated in a physical confrontation at the uncle's house during which government officials and others beat the uncle. Sun and his brother, who were nearby, intervened and were beaten as well. Sun was required to pay a fine, and testified that government officials thereafter would beat him if they recognized him on the street.

Sun testified as to the following additional incidents involving family members. Before Sun was born, another uncle was selected by the government to work in the mines, and was unable to afford a bribe to avoid the work. In 1981, one of Sun's other brothers and several of his friends were convicted and sentenced for robbery following a physical fight with government officials who had refused to sell some beer they were carrying. After his release from prison, this brother was unable to pay a bribe to government officials to obtain papers he needed to legalize a relationship with a female companion, and subsequently left for Taiwan in a small boat.

We agree with the BIA that Sun has not shown any connection between the events he and his family experienced and any of the statutory bases for asylum. See Ghasemimehr v. INS, 7 F.3d 1389, 1390 (8th Cir. 1993) (per curiam) (alien seeking asylum must show persecution or feared persecution is based on one of five grounds

listed in § 1101(a)(42)(A)).  As to Sun's alleged fear of future persecution, he had to show that his fear was both "subjectively genuine and objectively reasonable."  See id.  To overcome the BIA's finding that Sun lacked such a well-founded fear, Sun must show his evidence "`was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'"  Id. (quoting INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)).

Having reviewed the evidence, we conclude a reasonable factfinder could find Sun's fear of persecution was not objectively reasonable.  As the BIA noted, Sun conceded he did not belong to any political organization in China, and presented no evidence that he or his family openly expressed any political opinion in China contrary to the government.  He also failed to show that he will be subjected to greater penalties for violation of Chinese exit laws than other similarly-situated Chinese nationals.  See Behzadpour v. United States, 946 F.2d 1351, 1353 (8th Cir. 1991).  We also agree with the BIA that Sun did not show his alleged fear of religious persecution was sufficiently objective.  Because we conclude that substantial evidence supports the denial of Sun's request for asylum, we also affirm the BIA's withholding of deportation.  See id. at 1354 (when an applicant is not eligible for asylum, the applicant is necessarily not entitled to have deportation withheld).

Accordingly, we deny Sun's petition.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-