# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-4126

_____

Hugo Acuna-Lapola,              *

                        *

        Petitioner,          *

                        *   Petition for Review of

    v.                    *   an Order of the Immigration

                        *   and Naturalization Service.

Immigration and Naturalization   *

Service,                 *        [UNPUBLISHED]

                        *

        Respondent.       *

_____

Submitted: July 7, 1998
Filed: July 9, 1998

_____

Before BOWMAN, Chief Judge, WOLLMAN, and MORRIS SHEPPARD ARNOLD,
     Circuit Judges.

_____

PER CURIAM.

Hugo Acuna-Lapola, a citizen of Guatemala, entered the United States on a non-immigrant visa.  In 1994, the Immigration and Naturalization Service (INS) ordered Acuna-Lapola to show cause why he should not be deported.  Following a hearing, the Immigration Judge (IJ) found deportability had been established, denied Acuna-Lapola's application for asylum and withholding of deportation, and ordered him to voluntarily depart.  The Board of Immigration Appeals (BIA) dismissed his appeal from the IJ's order, adopting the reasoning of the IJ, and Acuna-Lapola now petitions for

review. He maintains that he was subject to past persecution, and has a well-founded fear of future persecution based on his membership in a particular social group and on his actual and imputed political opinion. Acuna-Lapola also argues here, as he did before the BIA, that the IJ incorrectly assessed his credibility and applied an incorrect burden of proof. Reviewing the BIA's denial of asylum for an abuse of discretion and the factual findings underlying its refusal to grant asylum under the substantial-evidence standard, see Feleke v. INS, 118 F.3d 594, 597-98 (8th Cir. 1997), we deny Acuna-Lapola's petition.[1]

The Attorney General has discretion to grant asylum to a "refugee." 8 U.S.C. § 1158(a) (1994). A refugee is an alien who is unwilling to return to his or her home country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (1994).

As we believe the IJ articulated a valid reason for discrediting Acuna-Lapola's testimony--inconsistent testimony regarding material facts--we defer to the IJ's credibility finding, see Hamzehi v. INS, 64 F.3d 1240, 1242 (8th Cir. 1995); Hajiani-Niroumand v. INS, 26 F.3d 832, 838 (8th Cir. 1994), and we conclude Acuna-Lapola did not present specific facts establishing he had been the victim of persecution. After carefully reviewing the evidence, we further conclude that a reasonable fact finder could find Acuna-Lapola's fear of persecution was not objectively reasonable. See Ghasemimehr v. INS, 7 F.3d 1389, 1390-91 (8th Cir. 1993) (per curiam) (applicant must show alleged fear of future persecution was both "subjectively genuine and

---

[1]The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), amended by Act of Oct. 11, 1996, Pub. L. No. 104-302, 110 Stat. 3656, repealed 8 U.S.C. § 1105a (1994) and replaced it with a new judicial review provision. See IIRIRA § 306. As the new provision does not apply to proceedings that commenced before April 1, 1997, this court continues to have jurisdiction under 8 U.S.C. § 1105a. See IIRIRA § 309(c).

objectively reasonable"); <u>Feleke</u>, 118 F.3d at 598 (to overcome BIA's finding that alien lacked well-founded fear, he or she must show evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution"). Because substantial evidence supports the denial of asylum, we also affirm the BIA's denial of withholding of deportation. <u>See</u> <u>Behzadpour v. United States</u>, 946 F.2d 1351, 1354 (8th Cir. 1991). After reviewing Acuna-Lapola's remaining arguments, we conclude they are without merit.

Accordingly, we deny Acuna-Lapola's petition.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.