# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1314

_____

Calixto Gamaliel Gonzalez,          *
                                    *

          Appellant,          *

                                      *   Petition for Review of

          v.                    *   an Order of the Immigration

                                      *   and Naturalization Service

Immigration and Naturalization   *

Service,                         *      [UNPUBLISHED]

                                    *

          Appellee.          *

_____

Submitted:  September 8, 1998

Filed:  October 26, 1998

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.


      Calixto Gamaliel Gonzalez, a citizen of El Salvador, entered the United States without inspection. In 1995, the Immigration and Naturalization Service ordered Gonzalez to show cause why he should not be deported. Following a hearing, the Immigration Judge (IJ) found deportability had been established and denied his requests for asylum, withholding of deportation, and voluntary departure. The Board of Immigration Appeals (BIA) dismissed his appeal from the IJ's order, and Gonzalez

now petitions for review. For reversal, he maintains that he has a well-founded fear of persecution based upon his imputed political opinion. Reviewing the BIA's denial of asylum for an abuse of discretion and the factual findings underlying its refusal to grant asylum under the substantial-evidence standard, see Feleke v. INS, 118 F.3d 594, 597-98 (8th Cir. 1997); Hajiani-Niroumand v. INS, 26 F.3d 832, 838 (8th Cir. 1994), we deny Gonzalez's petition for review.[1]

The Attorney General has discretion to grant asylum to a "refugee." See 8 U.S.C. § 1158(b)(1). A refugee is an alien who is unwilling to return to his or her home country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." See 8 U.S.C. § 1101(a)(42)(A).

After carefully reviewing the evidence, we conclude that a reasonable fact finder could find Gonzalez's fear of persecution was not objectively reasonable. See Feleke v. INS, 118 F.3d at 598 (to overcome BIA's finding that alien lacked well-founded fear, he or she must show evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution"); Ghasemimehr v. INS, 7 F.3d 1389, 1390-91 (8th Cir. 1993) (per curiam) (applicant must show alleged fear of future persecution was both "subjectively genuine and objectively reasonable"). Because substantial evidence supports the denial of asylum, we also affirm the BIA's withholding of deportation. See Behzadpour v. United States, 946 F.2d 1351, 1354 (8th Cir. 1991).

Accordingly, we deny Gonzalez's petition for review.

---

[1]The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), amended by Act of Oct. 11, 1996, Pub. L. No. 104-302, 110 Stat. 3656, repealed 8 U.S.C. § 1105a and replaced it with a new judicial review provision. See IIRIRA § 306. As the new provision does not apply to proceedings that commenced before April 1, 1997, this court continues to have jurisdiction under 8 U.S.C. § 1105a. See IIRIRA § 309(c).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.