# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-2375AG

_____

| | |
|---|---|
| Akatsavanh Manivong,      * | |
|      * | |
| Petitioner,      * | |
|      * | |
| v.      * | On Petition for Review of |
|      * | an Order of the Immigration |
| District Director, U. S. Department of      * | and Naturalization Service. |
| Justice Immigration & Naturalization      * | |
| Service,      * | |
|      * | |
| Respondent.      * | |

_____

Submitted: December 22, 1998

Filed: January 8, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD,
Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


Akatsavanh Manivong, a citizen of Laos, entered the United States in 1991 on a non-immigrant visa. In 1995, the Immigration and Naturalization Service (INS) ordered Manivong to show cause why he should not be deported. Following a hearing, an Immigration Judge found deportability had been established, denied Manivong's application for asylum and withholding of deportation, and gave him the option to depart voluntarily. The Board of Immigration Appeals (BIA) dismissed his appeal from

the Judge's order, and Manivong now petitions for review. He does not contest that he is deportable, but he maintains that he was subject to past persecution and has a well-founded fear of future persecution based on his and his family's political opinions. Reviewing the BIA's denial of asylum for an abuse of discretion, and the factual findings underlying its refusal to grant asylum under the substantial-evidence standard, see Feleke v. INS, 118 F.3d 594, 597-98 (8th Cir. 1997), we deny Manivong's petition.[1]

The Attorney General has discretion to grant asylum to a "refugee." See 8 U.S.C. § 1158(b)(1). A refugee is an alien who is unwilling to return to his or her home country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." See 8 U.S.C. § 1101(a)(42)(A).

There is evidence that Manivong was at one time the victim of persecution. For most of 1981, petitioner spent his days in a labor camp, he says because of anti-Communist opinions. But a reasonable fact finder could find Manivong's fear of future persecution was not objectively reasonable. See Ghasemimehr v. INS, 7 F.3d 1389, 1390-91 (8th Cir. 1993) (per curiam) (applicant must show alleged fear of future persecution was both "subjectively genuine and objectively reasonable"); Feleke, 118 F.3d at 598 (to overcome BIA's finding that alien lacked well-founded fear, evidence must be "so compelling that no reasonable fact finder could fail to find the requisite fear of persecution"); Safaie, 25 F.3d at 640-41. After leaving the labor camp, petitioner received a degree from a government university, worked for the City of Vientiane,

---

[1] The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), amended by Act of Oct. 11, 1996, Pub. L. No. 104-302, 110 Stat. 3656, repealed 8 U.S.C. § 1105a (1994) and replaced it with a new judicial review provision. See IIRIRA § 306. As the new provision does not apply to proceedings that commenced before April 1, 1997, this Court has jurisdiction over this petition under 8 U.S.C. § 1105a. See IIRIRA § 309(c).

obtained a visa, and had his Laotian passport renewed. His father and children have been living in Laos without incident.

Because substantial evidence supports the denial of asylum, we also affirm the BIA's denial of withholding of deportation. See <u>Behzadpour v. United States</u>, 946 F.2d 1351, 1354 (8th Cir. 1991).

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.