# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3344

_____

| | | |
|---|---|---|
| Luis Orlando Gomez-Garcia, | * | |
| | * | |
| Petitioner, | * | |
| | * | On Petition for Review of an |
| v. | * | Order of the Immigration |
| | * | and Naturalization Service. |
| District Director, U.S. Department of | * | |
| Justice Immigration & Naturalization | * | [Not To Be Published] |
| Service, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: June 2, 1999

Filed:  June 11, 1999

_____

Before  WOLLMAN, Chief Judge, RICHARD S. ARNOLD and BEAM, Circuit
Judges.

_____

PER CURIAM.


Luis Gomez-Garcia, a citizen of Guatemala, entered the United States in 1994 without inspection.  In 1995, the Immigration and Naturalization Service ordered him to show cause why he should not be deported.  Following a hearing, an Immigration Judge found deportability had been established, denied Gomez-Garcia's application for asylum and withholding of deportation, and gave him the option to depart voluntarily. The Board of Immigration Appeals (BIA) dismissed his appeal, and Gomez-Garcia

now petitions for review. He does not contest that he is deportable, but maintains he was subject to past persecution and has a well-founded fear of future persecution based upon imputed political opinions. Reviewing the BIA's denial of asylum for an abuse of discretion, and the factual findings underlying its refusal to grant asylum under the substantial-evidence standard, see Feleke v. INS, 118 F.3d 594, 597-98 (8th Cir. 1997), we deny Gomez-Garcia's petition.

The Attorney General has discretion to grant asylum to a "refugee." See 8 U.S.C. § 1158(b)(1). A refugee is an alien who is unwilling to return to his or her home country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." See 8 U.S.C. § 1101(a)(42)(A).

Gomez-Garcia testified that he was threatened by guerrillas because they wanted him to join them, and that he was beaten when his father was kidnapped by guerrillas in 1992. Gomez-Garcia does not claim to have expressed any political opinions for or against the government or guerrilla groups. He asserts, however, that his father's and cousins' anti-guerrilla political opinions had been imputed to him. There does not appear to be any evidence that anyone persecuted Gomez-Garcia for such an opinion. See INS v. Elias-Zacarias, 502 U.S. 478, 482-84 (1992); Miranda v. INS, 139 F.3d 624, 625-28 (8th Cir. 1998). Even assuming Gomez-Garcia established he had been the victim of persecution, we conclude that the evidence of Guatemala's changed conditions rebuts his claim of a well-founded fear of future persecution. Specifically, the State Department's Report on Guatemala and the parties' stipulations reflected the following: (1) there was a negotiated end to the civil war, and a peace accord was signed in 1996; (2) the Guatemalan government and guerrillas ceased offensive and counterinsurgency activities in 1996; (3) the government ordered demobilization of rural civil defense patrols, which was completed in 1996; (4) the Guatemalan Congress passed a national conciliation law, exempting specific war-related acts from prosecution, and the U.N. Human Rights Verification Mission stated

that the law was consistent with international standards; and (5) the President of Guatemala reduced the institutional and legal autonomy of the army and police, and restructured the military command.

Because substantial evidence supports the denial of asylum, we also affirm the BIA's denial of withholding of deportation. See Behzadpour v. United States, 946 F.2d 1351, 1354 (8th Cir. 1991).

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.