# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2393

_____

Xiang Cheng Lin,              *
                             *
          Petitioner,        *
                             *   Petition for Review of
     v.                      *   an Order of the Board
                             *   of Immigration Appeals.
Peter D. Keisler,            *
Acting Attorney General      *        [UNPUBLISHED]
of the United States,[1]     *
                             *
          Respondent.        *

_____

Submitted: October 5, 2007
Filed: October 12, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Xiang Cheng Lin (Lin), a citizen of China, petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed an Immigration Judge's (IJ's) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT). See Mouawad v. Gonzales, 485 F.3d 405, 413 (8th Cir.

---

[1]Peter D. Keisler has been appointed to serve as Acting Attorney General, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c)(2).

2007); Eta-Ndu v. Gonzales, 411 F.3d 977, 982-83 (8th Cir. 2005) (standard of review).  We deny the petition.

When an asylum decision is based on an adverse credibility finding, as it was in this case, we generally defer to the IJ if the credibility finding is supported by "specific, cogent reasons for disbelief."  See id. at 982 (citation omitted).  Upon careful review, we conclude the IJ provided such reasons:  inconsistencies in Lin's testimony and asylum applications and Lin's failure to provide corroborating evidence.  See Hamzehi v. INS, 64 F.3d 1240, 1243 (8th Cir. 1995) (upholding an adverse credibility determination because the asylum applicant did not provide specific, consistent details of, or even consistently describe, events giving rise to asylum claim); Nyama v. Ashcroft, 357 F.3d 812, 817 (8th Cir. 2004) (per curiam) (concluding the IJ did not err in demanding corroborating evidence where an asylum applicant's narrative was not credible).  The adverse credibility finding is dispositive of Lin's withholding-of-removal and CAT claims as well.  See Sheikh v. Gonzales, 427 F.3d 1077, 1081 (8th Cir. 2005) (withholding of removal); Yang v. U.S. Dep't of Justice, 426 F.3d 520, 522-23 (2d Cir. 2005) (CAT).

Lin argues his due process rights were violated during the hearing, but he has pointed to nothing in the record suggesting he was denied a full and fair opportunity to present his case, or he was otherwise deprived of fundamental fairness, see Burger v. Gonzales, Nos. 03-40395, 05-1058, 2007 WL 2331944, at *2 (2d Cir. Aug. 17, 2007); we lack jurisdiction to review Lin's newly raised assertion that he should be in exclusion, not removal, proceedings, Afolayan v. INS, 219 F.3d 784, 788 (8th Cir. 2000) (ruling an appeals court lacks jurisdiction to review a claim that has not been first presented to BIA); and there is no evidence in the record to suggest any penalty Lin faces for violation of Chinese exit laws would be because of one of the protected grounds, see Behzadpour v. United States, 946 F.2d 1351, 1353 (8th Cir. 1991) (stating punishment for violation of a fairly administered passport law is not political persecution).

We deny the petition.

_____