Saeed GHASEMIMEHR, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 93–2191.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 25, 1993.

Decided Oct. 29, 1993.

Phillip Frederick Fishman, Minneapolis, MN, argued, for petitioner.

Ellen Sue Shapiro, Washington, DC, argued (Frank W. Hunger, Richard M. Evans and Ellen Sue Shapiro, on the brief), for respondent.

Before FAGG, BOWMAN, and LOKEN, Circuit Judges.

PER CURIAM.

When the Immigration and Naturalization Service brought deportation proceedings against Saeed Ghasemimehr, an Iranian citizen who entered the United States on a nonimmigrant student's visa, Ghasemimehr conceded deportability, but requested political asylum, withholding of deportation, and suspension of deportation. An immigration judge (IJ) denied Ghasemimehr's requests, and the Board of Immigration Appeals (BIA) rejected Ghasemimehr's appeal. Ghasemimehr petitions for review, and we deny Ghasemimehr's petition.

At his asylum hearing in 1989, Ghasemimehr testified that while visiting Iran in 1983, police stopped his car and searched him three times. Ghasemimehr did not assert the police singled him out because of his political views, but rather, asserted the police stopped the cars of Iranian citizens and searched them without reason. Ghasemimehr also testified that he participated in an anti-Khomeini demonstration in the United States in 1984 and that he believed a pro-Khomeini Iranian who did not know him took his photograph at the demonstration and sent it to the Iranian government. According to Ghasemimehr, his father sent him a letter four months later warning that the Iranian government possessed a photograph of Ghasemimehr demonstrating, and that if Ghasemimehr returned to Iran, the government would arrest him as a political prisoner or kill him. Ghasemimehr did not produce the letter or any other corroboration at the hearing, however. Ghasemimehr also admitted that he never belonged to any political organization opposed to Khomeini, and that other than the demonstration, he did not actively seek the overthrow of the Khomeini government.

■■■ The Attorney General may grant asylum to an alien who is unwilling to return home "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (1988) (defining "refugee"); see id. § 1158(a) (stating the Attorney General may grant asylum to a "refugee"). An alien seeking asylum must show the persecution or feared persecution is based on one of the five grounds listed in § 1101(a)(42)(A). Behzadpour v. United States, 946 F.2d 1351, 1353 (8th Cir.1991). To show a well-founded fear of persecution, an alien must show the fear is both subjectively genuine and objectively reasonable. Acewicz v. United States INS, 984 F.2d 1056, 1061 (9th Cir.1993). An alien may establish the subjective component with credible testimony that the alien genuinely fears persecution. Id. The objective component is satisfied with credible, direct, and specific evidence of facts that show a reasonable person in the alien's position would fear persecution if returned to the alien's native country. Id.; see Behzadpour, 946 F.2d at 1352. To overcome the BIA's finding that Ghasemimehr lacked a well-founded fear of persecution, Ghasemimehr must show "the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, — U.S. ——, 112 S.Ct. 812, 817, 117 L.Ed.2d 38 (1992).

■■■ We believe a reasonable factfinder could find Ghasemimehr lacked a well-founded fear of political persecution. Ghasemi-

mehr's testimony about police searching him in 1983 does not constitute past persecution or support a fear of future political persecution because Ghasemimehr's political views did not motivate the searches. *See Behzadpour,* 946 F.2d at 1353. As for Ghasemimehr's testimony about the demonstration, the IJ found the testimony lacked credibility because it was too general and speculative in nature. The IJ pointed out that Ghasemimehr did not produce the letter or any other supporting evidence, such as affidavits of other demonstrating students, to corroborate his claims. Ghasemimehr testified he had not received any recent letters from his family warning him not to return to Iran, and Ghasemimehr presented no evidence that the Iranian government persecuted, harassed, or questioned him or his immediate family living in Iran. The IJ also noted that the Iranian government did not order Ghasemimehr to return to Iran. Finally, the IJ stated that even if someone took Ghasemimehr's photograph, it was too attenuated to believe it was sent to Iran, Ghasemimehr was identified, and is now viewed as an antigovernment activist. The BIA recounted the IJ's reasons for his adverse credibility finding, noted the IJ based his finding on specific aspects of Ghasemimehr's claim, like the Iranian government's failure to order his return, and concluded Ghasemimehr failed to undermine the IJ's credibility finding. The BIA recognized that uncorroborated testimony may be sufficient to support a persecution claim when the testimony is believable, consistent, and sufficiently detailed to provide a plausible and coherent account of the basis for the alien's fear. The BIA concluded Ghasemimehr did not submit evidence that met this standard.

■ Ghasemimehr asserts his uncorroborated testimony showed a well-founded fear of persecution under *United States v. Santos-Vanegas,* 878 F.2d 247 (8th Cir.1989). In that case, we explained that when an IJ does not make a credibility finding disbelieving an alien's testimony, the alien's fear of persecution could be found objectively reasonable even though the alien does not present corroborating evidence. *Id.* at 252. In Ghasemimehr's case, however, the IJ made a credibility finding disbelieving Ghasemi-

mehr's testimony. We review the credibility findings of an IJ and the BIA for substantial evidence. *Berroteran–Melendez v. INS,* 955 F.2d 1251, 1256 (9th Cir.1992). We defer to an IJ's finding that an alien's testimony is not credible as long as the finding is supported by a specific, cogent reason for disbelief. *Id.* Here, specific, convincing reasons support the finding that Ghasemimehr's testimony is not credible. Ghasemimehr thus failed to present "credible, direct, and specific evidence" showing any subjective fear of political persecution is objectively reasonable.

Because Ghasemimehr has not shown a well-founded fear of political persecution qualifying him for asylum, Ghasemimehr cannot meet the more stringent standard of a clear probability of persecution qualifying him for withholding of deportation. *Id.* at 1258; *Behzadpour,* 946 F.2d at 1354. Last, we reject Ghasemimehr's arguments that the IJ did not base his decision on the record as a whole and that the IJ should have suspended deportation. Ghasemimehr did not raise these issues before the BIA, and thus, he waived them. *Thomas v. INS,* 976 F.2d 786, 789 (1st Cir.1992) (per curiam); *see Valadez–Salas v. INS,* 721 F.2d 251, 252 (8th Cir. 1983) (per curiam).

Accordingly, we deny Ghasemimehr's petition.