21 F.3d 432
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 George Boulos NEMER, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE
 No. 93-3142.
 United States Court of Appeals,
Eighth Circuit.
 April 21, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 George Boulos Nemer, a citizen of Lebanon, entered the United States in 1975 and was a legal resident of our country. In 1985 Nemer was convicted of two heroin-related felonies, making him deportable under 8 U.S.C. Sec. 1251(a)(11). After Nemer served time in prison, the Immigration and Naturalization Service (INS) issued Nemer an order to show cause why he should not be deported. At his deportation hearing, Nemer conceded deportability but sought a discretionary waiver of deportation under 8 U.S.C. Sec. 1182(c) and religious and political asylum under 8 U.S.C. Sec. 1158(a). An immigration judge (IJ) denied relief, and the Board of Immigration Appeals (BIA) dismissed Nemer's appeal of the IJ's denial. Nemer now petitions for review, and we deny Nemer's petition.
 
 
 2
 Under 8 U.S.C. Sec. 1182(c), the BIA has discretion to waive the deportation of an alien who has been a lawful permanent resident for seven years and who is being deported for certain specified reasons, including a drug conviction. Varela-Blanco v. INS, No. 93-2265, 1994 WL 70247, at * 1 (8th Cir. Mar. 10, 1994) (per curiam). The alien bears the burden of showing a waiver's merit. Id. When deciding whether to waive deportation under Sec. 1182(c), the BIA balances social and humane factors favoring waiver against adverse factors showing the alien's bad character or undesirability as a permanent resident. Id.
 
 
 3
 at * 1-2 (listing factors). One adverse factor is the existence of a criminal conviction, and when an alien is being deported for committing a crime, the alien may be required to present evidence showing unusual or outstanding equities favoring waiver. Id. at * 2.
 
 
 4
 Nemer asserts the BIA abused its discretion in denying him a waiver because the BIA exercised its discretion in an arbitrary or capricious manner. We disagree. The BIA acts arbitrarily or capriciously if it makes a decision without a rational explanation, departs inexplicably from an established policy, or discriminates unfairly against a particular race or group. Id. at * 3. Here, the BIA expressly discussed each favorable and adverse factor bearing on its exercise of discretion and concluded Nemer failed to show the outstanding or unusual equities required in light of Nemer's serious drug convictions. The BIA noted that Nemer's employment history, length of United States residency, family ties, rehabilitation, and asserted hardships were not unusual or outstanding. We conclude the BIA did not act arbitrarily or capriciously.
 
 
 5
 Nemer also asserts the BIA abused its discretion in denying his claim for religious and political asylum. The BIA has discretion to grant asylum to an alien who is unwilling to return home because of a well-founded fear of persecution based on religious beliefs or political opinion. See 8 U.S.C. Sec. 1158(a) (1988); id. Sec. 1101(a)(42)(A); Ghasemimehr v. INS, 7 F.3d 1389, 1390 (8th Cir. 1993) (per curiam). To establish a well-founded fear of persecution, an alien must prove the fear's objective reasonableness by presenting specific facts that show a reasonable person in the alien's position would fear persecution if returned to the alien's native country. Ghasemimehr, 7 F.3d at 1390. The BIA found Nemer failed to make this showing. To overcome the BIA's finding, Nemer must establish " 'the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.' " Id. (quoting INS v. Elias- Zacarias, 112 S. Ct. 812, 817 (1992)).
 
 
 6
 Having reviewed the evidence, we conclude a reasonable factfinder could find Nemer's fear of persecution was not objectively reasonable. Although Nemer presented some evidence that family members were killed several years ago in his hometown by unidentified assailants, he failed to link their deaths to his current fear of persecution throughout Lebanon. The BIA also concluded that even if Nemer had shown a well-founded fear of persecution, it would not exercise its discretion under the circumstances. We conclude the BIA did not abuse its discretion in denying Nemer asylum.
 
 
 7
 Accordingly, we deny Nemer's petition for review.
 
 
 8
 A true copy.
 
 Attest:
 
 9
 CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.