**Akatsavanh MANIVONG, Petitioner,**

v.

**DISTRICT DIRECTOR, U.S. DEPARTMENT OF JUSTICE IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 98–2375.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 22, 1998.

Decided Jan. 8, 1999.

<hr/>

**1.** The Honorable Richard H. Battey, Chief Judge, United States District Court for the District of South Dakota.

Joseph Lopez Wilson, Omaha, NE, for Appellant.

Holly A. Gimbel, Washington, DC, for Appellee.

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

RICHARD S. ARNOLD, Circuit Judge.

Akatsavanh Manivong, a citizen of Laos, entered the United States in 1991 on a non-immigrant visa. In 1995, the Immigration and Naturalization Service (INS) ordered Manivong to show cause why he should not be deported. Following a hearing, an Immigration Judge found deportability had been established, denied Manivong's application for asylum and withholding of deportation, and gave him the option to depart voluntarily. The Board of Immigration Appeals (BIA) dismissed his appeal from the Judge's order, and Manivong now petitions for review. He does not contest that he is deportable, but he maintains that he was subject to past persecution and has a well-founded fear of future persecution based on his and his family's political opinions. Reviewing the BIA's denial of asylum for an abuse of discretion, and the factual findings underlying its refusal to grant asylum under the substantial-evidence standard, see *Feleke v. INS*, 118 F.3d 594, 597–98 (8th Cir.1997), we deny Manivong's petition.[1]

The Attorney General has discretion to grant asylum to a "refugee." See 8 U.S.C. § 1158(b)(1). A refugee is an alien who is unwilling to return to his or her home country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." See 8 U.S.C. § 1101(a)(42)(A).

There is evidence that Manivong was at one time the victim of persecution. For most of 1981, petitioner spent his days in a labor camp, he says because of anti-Communist opinions. But a reasonable fact finder could find Manivong's fear of future persecution was not objectively reasonable. See *Ghasemimehr v. INS*, 7 F.3d 1389, 1390–91 (8th Cir.1993) (per curiam) (applicant must show alleged fear of future persecution was both "subjectively genuine and objectively reasonable"); *Feleke*, 118 F.3d at 598 (to overcome BIA's finding that alien lacked well-founded fear, evidence must be "so compelling that no reasonable fact finder could fail to find the requisite fear of persecution"); *Safaie v. INS*, 25 F.3d 636, 640–41 (8th Cir.1994). After leaving the labor camp, petitioner received a degree from a government university, worked for the City of Vientiane, obtained a visa, and had his Laotian passport renewed. His father and children have been living in Laos without incident.

---

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), *amended by* Act of Oct. 11, 1996, Pub.L. No. 104–302, 110 Stat. 3656, repealed 8 U.S.C. § 1105a (1994) and replaced it with a new judicial review provision. See IIRIRA § 306. As the new provision does not apply to proceedings that commenced before April 1, 1997, this Court has jurisdiction over this petition under 8 U.S.C. § 1105a. See IIRIRA § 309(c).

Because substantial evidence supports the denial of asylum, we also affirm the BIA's denial of withholding of deportation. ·See *Behzadpour v. United States,* 946 F.2d 1351, 1354 (8th Cir.1991).

Affirmed.