# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1078

_____

Sekou Keita,                                      *
                                                  *
        Petitioner,                   *
                                                  *  Petition for Review of
    v.                                *  an Order of the Immigration
                                                  *  and Naturalization Service.
Immigration and Naturalization                    *
Service,                                           *      [UNPUBLISHED]
                                                  *
        Respondent.                   *

_____

Submitted: January 29, 1999
Filed: April 5, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Sekou Keita, a citizen of Liberia, entered the United States in 1994 on a non-immigrant visa. In 1995, the Immigration and Naturalization Service ordered Keita to show cause why he should not be deported. Following a hearing, an Immigration Judge found deportability had been established, denied Keita's application for asylum and withholding of deportation, and gave him the option to depart voluntarily. The Board of Immigration Appeals (BIA) dismissed his appeal, and Keita now petitions for review. He does not contest that he is deportable, but maintains that he was subject to past persecution and has a well-founded fear of future persecution based on his religion,

nationality, membership in a social group, and political opinion. Reviewing the BIA's denial of asylum for an abuse of discretion, and the factual findings underlying its refusal to grant asylum under the substantial-evidence standard, see Feleke v. INS, 118 F.3d 594, 597-98 (8th Cir. 1997), we deny Keita's petition.[1]

The Attorney General has discretion to grant asylum to a "refugee." See 8 U.S.C. § 1158(b)(1). A refugee is an alien who is unwilling to return to his or her home country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." See 8 U.S.C. § 1101(a)(42)(A).

Even assuming Keita established he has been the victim of persecution, we conclude a reasonable fact finder could find Keita's fear of future persecution was not objectively reasonable. See Ghasemimehr v. INS, 7 F.3d 1389, 1390-91 (8th Cir. 1993) (per curiam) (applicant must show alleged fear of future persecution was both "subjectively genuine and objectively reasonable"); Feleke, 118 F.3d at 598 (to overcome BIA's finding that alien lacked well-founded fear, evidence must be "so compelling that no reasonable fact finder could fail to find the requisite fear of persecution"). This is so because his evidence showed a fear of generalized violence affecting the population of Liberia as a whole. See Bevc v. INS, 47 F.3d 907, 910 (7th Cir. 1995) (denying asylum to non-Serbian resident of Serbia even where some other non-Serbians had been victims of "ethnic cleansing"); Safaie v. INS, 25 F.3d 636, 640-41 (8th Cir. 1994) (affirming denial of asylum because alien failed to show particularized fear or risk of danger different than that faced by other citizens);

---

[1]The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), amended by Act of Oct. 11, 1996, Pub. L. No. 104-302, 110 Stat. 3656, repealed 8 U.S.C. § 1105a (1994) and replaced it with a new judicial review provision. See IIRIRA § 306. As the new provision does not apply to proceedings that commenced before April 1, 1997, we have jurisdiction over this petition under 8 U.S.C. § 1105a. See IIRIRA § 309(c).

Sivaainkaran v. INS, 972 F.2d 161, 165 (7th Cir. 1992) ("many countries across the globe, [are] locked in a seemingly intractable ethnic civil war. But political turmoil alone does not permit the judiciary to stretch the definition of 'refugee' to cover sympathetic, yet statutorily ineligible, asylum applicants"; conditions of political upheaval affecting population as whole are generally insufficient to establish eligibility for asylum). Although Keita--as well as other Liberian citizens--may be subject to human rights violations, Keita did not show any connection between such violations and the grounds enumerated in section 1101(a)(42)(A). See Ghasemimehr, 7 F.3d at 1390.

Because substantial evidence supports the denial of asylum, we also affirm the BIA's denial of withholding of deportation. See Behzadpour v. United States, 946 F.2d 1351, 1354 (8th Cir. 1991).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.