# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2314

_____

| | | |
|---|---|---|
| Adekunle Asamu Oyeyemi, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Petition for Review of |
| | * | an Order of the Immigration |
| Immigration and Naturalization | * | and Naturalization Service. |
| Service, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted:  May 5, 1999

Filed:  May 12, 1999

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD and BEAM, Circuit
Judges.

_____

PER CURIAM.

Adekunle Oyeyemi, a citizen of Nigeria, entered the United States in 1988 as a "J-1 exchange visitor."  In 1993, the Immigration and Naturalization Service ordered Oyeyemi to show cause why he should not be deported.  Following a hearing, an Immigration Judge found deportability had been established, denied Oyeyemi's application for asylum and withholding of deportation, and gave him the option to depart voluntarily.  The Board of Immigration Appeals (BIA) dismissed his appeal, and Oyeyemi now petitions for review.  He does not contest that he is deportable, but

maintains that he was subject to past persecution and has a well-founded fear of future persecution based on his religion (conversion to Christianity), political opinion, ethnicity, and opposition to ethnic customs involving mutilation of children. Reviewing the BIA's denial of asylum for an abuse of discretion, and the factual findings underlying its refusal to grant asylum under the substantial-evidence standard, see Feleke v. INS, 118 F.3d 594, 597-98 (8th Cir. 1997), we deny Oyeyemi's petition.

The Attorney General has discretion to grant asylum to a "refugee."  See 8 U.S.C. § 1158(b)(1).  A refugee is an alien who is unwilling to return to his or her home country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  See 8 U.S.C. § 1101(a)(42)(A).

We conclude that Oyeyemi failed to demonstrate that he had been the victim of persecution, see Miranda v. INS, 139 F.3d 624, 626-27 (8th Cir. 1998), and after reviewing the record and the parties' submissions, we also conclude that a reasonable fact finder could find Oyeyemi's fear of future persecution was not objectively reasonable, see Kratchmarov v. Heston, No. 98-1958, 1999 WL 177446, at *2 (8th Cir. March 30, 1999) (applicant must show alleged fear of future persecution was both "subjectively genuine and objectively reasonable"); Feleke, 118 F.3d at 598 (to overcome BIA's finding that alien lacked well-founded fear, evidence must be "so compelling that no reasonable fact finder could fail to find the requisite fear of persecution").  The record shows that Oyeyemi lived in Nigeria for several years after converting to Christianity; that when he moved to the United States, he left his wife and children in Nigeria; and that after his wife's death, he returned to Nigeria, found someone to care for the children, and again left the children in Nigeria, where they remained until December 1991 without suffering any harm.  This behavior is inconsistent with his claimed fear, and his testimony that he and his children are in danger appears speculative.

Although Oyeyemi's evidence showed a dispute with his family stemming from his conversion to Christianity, this personal matter does not provide a basis for asylum. See Marquez v. INS, 105 F.3d 374, 380 (7th Cir. 1997); Krastev v. INS, 101 F.3d 1213, 1217 (7th Cir. 1996); Adebisi v. INS, 952 F.2d 910, 913-14 (5th Cir. 1992); Zayas-Marini v. INS, 785 F.2d 801, 805-06 (9th Cir. 1986). Regarding Oyeyemi's claim that his children will be subject to tribal customs such as face marking and female-genital mutilation, we note that the children have permanent-resident status in the United States. Even if they did return to Nigeria, there is no evidence they would be injured, because, as previously noted, they lived in Nigeria for years without being harmed.

The BIA found Oyeyemi's claim for asylum based on political opinion--a claim not included in his application for asylum--was not credible, noting numerous inconsistencies in the record. Reviewing the BIA's credibility finding for substantial evidence, see Ghasemimehr v. INS, 7 F.3d 1389, 1391 (8th Cir. 1993) (per curiam), we conclude that specific, convincing reasons support the finding that Oyeyemi's testimony was not credible and that he thus failed to present evidence showing his claimed subjective fear of political persecution was objectively reasonable.

Accordingly, we deny Oyeyemi's petition.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-