# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2152

_____

| | | |
|---|---|---|
| Maria Ester De Leon, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the Immigration |
| | * | and Naturalization Service. |
| Immigration and Naturalization | * | |
| Service, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: January 27, 2000

Filed: February 1, 2000

_____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Maria Ester De Leon petitions for review of an order of the Board of
Immigration Appeals (BIA), which dismissed her appeal from an Immigration Judge's
(IJ's) denial of her request for asylum and for withholding of deportation. Upon careful
review of the record and the parties' briefs, we conclude that the BIA did not abuse its
discretion, and that reasonable, substantial, and probative evidence in the record
supports the BIA's determinations that Ms. De Leon failed to establish past persecution
on account of an actual or imputed political opinion, and failed to establish a

subjectively genuine and objectively reasonable fear of future persecution. See 8 U.S.C. § 1101(a)(42)(A) (refugee is alien unwilling to return to home country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion"); Kratchmarov v. Heston, 172 F.3d 551, 553 (8th Cir. 1999) (well-founded fear must be subjectively genuine and objectively reasonable); Feleke v. INS, 118 F.3d 594, 597-98 (8th Cir. 1997) (standard of review).

In particular, although Ms. De Leon based her asylum application in part on alleged threats directed toward her common-law husband, the record is devoid of evidence connecting the threats to any of the five grounds enumerated in section 1101(a)(42)(A); rather Ms. De Leon indicated the threats may have resulted from her common-law husband's performance of his duties as the local mayor, namely, to organize street-cleaning and settle fights. See Ghasemimehr v INS, 7 F.3d 1389, 1390 (8th Cir. 1993) (per curiam) (asylum seeker must show persecution or feared persecution is based on one of § 1101(a)(42)(A)'s five grounds). We also note Ms. De Leon remained in her home for four years following the original threat to her husband, and she was never physically harmed, nor were her children or their paternal grandmother (who remain in Guatemala). Cf. Manivong v. INS, 164 F.3d 432, 433 (8th Cir. 1999) (affirming in part where petitioner's father and children remained in home country without incident). Accordingly, we deny Ms. De Leon's petition.[1]

---

[1] The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub. L. No. 104-302, 110 Stat. 3656, repealed 8 U.S.C. § 1105a (1994) and replaced it with a new judicial review provision codified at 8 U.S.C. § 1252. See IIRIRA § 306. As the new provision does not apply to deportation proceedings that commenced before April 1, 1997, this court continues to have jurisdiction under 8 U.S.C. § 1105a. See IIRIRA § 309(c).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.