# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3383

_____

| | | |
|---|---|---|
| Maria O. Vasquez-Leyva, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| | * | Petition for Review of an |
| v. | * | Order of the Immigration |
| | * | and Naturalization Service. |
| Immigration and Naturalization | * | |
| Service; United States Department | * | [UNPUBLISHED] |
| of Justice, | * | |
| | * | |
| Respondents. | * | |

_____

Submitted: March 2, 2000
Filed: March 8, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Maria O. Vasquez-Leyva petitions for review of an order of the Board of Immigration Appeals (BIA), which dismissed her appeal from an Immigration Judge's (IJ's) denial of her request for asylum and withholding of deportation. Upon careful review of the record and the parties' briefs, we conclude that reasonable, substantial, and probative evidence in the record as a whole supports the BIA's determination that Vasquez-Leyva failed to establish past persecution or an objectively reasonable fear of future persecution. See 8 U.S.C. § 1101(a)(42)(A) (Supp. IV 1998) (refugee is alien

unwilling to return to home country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion"); Kratchmarov v. Heston, 172 F.3d 551, 553 (8th Cir. 1999) (well-founded fear must be subjectively genuine and objectively reasonable); Feleke v. INS, 118 F.3d 594, 598 (8th Cir. 1997) (standard of review).

Specifically, we agree that Vasquez-Leyva failed to establish a causal nexus between her brother's death in 1978 by unknown persons for unknown reasons, her undocumented membership in a political party, and anonymous notes and a single physical encounter with guerillas in 1993. See Ghasemimehr v. INS, 7 F.3d 1389, 1390 (8th Cir. 1993) (per curiam) (alien seeking asylum must show persecution or feared persecution is based on one of § 1101(a)(42)(A)'s five grounds). We also agree she did not show her fear of future persecution is objectively reasonable given that neither she nor her family (who remain in Guatemala) have suffered harm or threats from the guerillas since 1993, and that the guerillas signed a peace accord in 1996 ending the civil war. See Manivong v. INS, 164 F.3d 432, 433 (8th Cir. 1999) (affirming in part where petitioner's father and children remained in home country without incident); 8 C.F.R. § 208.13(b)(1)(i) (1999) (if applicant has established past persecution, well-founded fear of future persecution is presumed unless conditions in applicant's country have changed to such extent that applicant no longer has well-founded fear). We therefore affirm the denial of asylum, as well as the denial of withholding of deportation, see Kratchmarov, 172 F.3d at 555.

Accordingly, we deny Vasquez-Leyva's petition.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-