# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3813

_____

| | | |
|---|---|---|
| Manuel A. Mendez-Fuentes, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Petition for Review of an |
| | * | Order of the Immigration |
| Immigration and Naturalization | * | and Naturalization Service. |
| Service, | * | |
| | * | [UNPUBLISHED] |
| Respondent. | * | |

Submitted:  October 4, 2000

Filed:   October 13, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

El Salvadoran citizen Manuel A. Mendez-Fuentes petitions for review of an order of the Board of Immigration Appeals (BIA), which dismissed his appeal from an Immigration Judge's (IJ's) denial of his request for asylum and withholding of deportation. Specifically, Mr. Mendez-Fuentes challenges the BIA's finding regarding his credibility, the weight given to letters he submitted in support of his request, and the BIA's allegedly undue reliance on a State Department country report and profile of asylum claims and country conditions in El Salvador.

Upon careful review of the record and the parties' briefs, we conclude that reasonable, substantial, and probative evidence in the record as a whole supports the BIA's determinations that Mr. Mendez-Fuentes failed to establish past persecution or an objectively reasonable fear of future persecution on account of one of the statutorily recognized factors. See 8 U.S.C. § 1101(a)(42)(A) (refugee is alien unwilling to return to home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion"); Feleke v. INS, 118 F.3d 594, 597-98 (8th Cir. 1997) (standard of review; well-founded fear must be subjectively genuine and objectively reasonable).

We agree with the BIA that Mr. Mendez-Fuentes's uncorroborated testimony failed to establish he was a victim of past persecution, because, as the BIA explained, the record reveals reasons to find his credibility weak. Mr. Mendez-Fuentes contended that soldiers suspected he was harboring his brother-in-law, Jamie Quintanilla, who in turn the soldiers suspected of printing anti-government propaganda. The BIA noted, however, that it was unlikely that the soldiers repeatedly searched Mr. Mendez-Fuentes's home--in which Mr. Quintanilla, along with his wife and children, were living--and never discovered evidence of the guests' residence, as Mr. Mendez-Fuentes testified. It was also reasonable for the BIA to be skeptical of Mr. Mendez-Fuentes's testimony that the military had imputed an anti-government political opinion to him based on Mr. Quintanilla's activities, given that Mr. Quintanilla endured death threats to himself and his family from anti-government forces over a period of years rather than publish anti-government propaganda. Cf. Ghasemimehr v. INS, 7 F.3d 1389, 1391 (8th Cir. 1993) (per curiam) (deferring to finding that alien's testimony was not credible, because finding was supported by specific, cogent reason for disbelief). Although Mr. Mendez-Fuentes produced letters from persons in El Salvador to support his contention that the military was still looking for him because of an imputed adverse political opinion, the letters were not sufficiently specific, and one letter (impossibly) described an event that supposedly occurred two months after the date of the letter.

We also agree with the BIA that Mr. Mendez-Fuentes failed to show his fear of future persecution was objectively reasonable: he voluntarily returned to El Salvador after allegedly leaving to escape persecution, and was able to obtain a passport and visa; he presented no evidence that his family remaining in El Salvador has been harmed since he left; and the State Department and other reports in the record (which the BIA was entitled to consider) indicate political violence in El Salvador has subsided substantially since the 1992 peace accords. See Manivong v. INS, 164 F.3d 432, 433 (8th Cir. 1999) (affirming partly because alien's family remained in home country without incident); Cigaran v. Heston, 159 F.3d 355, 358 (8th Cir. 1998) (per curiam) (relying on lack of confirmed cases of politically motivated killings or forced disappearances in El Salvador, as noted in State Department's profile of asylum claims and country conditions, to conclude that alien's fear of future persecution on political grounds was unreasonable); Safaie v. INS, 25 F.3d 636, 640 (8th Cir. 1994) (petitioner's ability to get visa to leave home country and lack of harm to herself or her family undercut well-founded-fear claim).

Because substantial evidence supports the denial of asylum, we also affirm the BIA's denial of withholding of deportation. See Ghasemimehr, 7 F.3d at 1391 (withholding standard is more stringent). Finally, we deny Mr. Mendez-Fuentes's alternative request for a stay of deportation.

Accordingly, we deny the petition.[1]

_____

[1]The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), amended by Act of Oct. 11, 1996, Pub. L. No. 104-302, 110 Stat. 3656, repealed 8 U.S.C. § 1105a (1994) and replaced it with a new judicial review provision codified at 8 U.S.C. § 1252. See IIRIRA § 306. As the new provision does not apply to deportation proceedings that commenced before April 1, 1997, this court continues to have jurisdiction under 8 U.S.C. § 1105a. See IIRIRA § 309(c).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.