# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4100

_____

Carina Castillo,       *
      *
       Petitioner,       *
      *
      v.       *  Petition for Review of
      *  an Order of the Immigration
Immigration and Naturalization       *  and Naturalization Service.
Service; United States Department       *
of Justice,       *        [UNPUBLISHED]
      *
       Respondents.       *

_____

Submitted:  December 22, 2000

Filed:  January 25, 2001

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
      Judges.

_____

PER CURIAM.

Guatemalan citizen Carina Castillo petitions for review of an order of the Board
of Immigration Appeals (BIA), which dismissed her appeal from an Immigration
Judge's (IJ's) denial of her request for asylum and withholding of deportation.
Specifically, Ms. Castillo argues the BIA abused its discretion, because her evidence
established past persecution and a well-founded fear of future persecution, and the

Immigration and Naturalization Service (INS) failed to produce evidence showing changed country conditions.

Upon careful review of the record and the parties' briefs, we conclude that reasonable, substantial, and probative evidence in the record as a whole supports the BIA's determinations that Ms. Castillo failed to establish past persecution or an objectively reasonable fear of future persecution on account of one of the statutorily recognized factors. See 8 U.S.C. § 1101(a)(42)(A) (refugee is alien unwilling to return to home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion"); Feleke v. INS, 118 F.3d 594, 597-98 (8th Cir. 1997) (standard of review; well-founded fear must be subjectively genuine and objectively reasonable).

Specifically, we agree with the BIA that alleged threatening letters and visits from unidentified persons seeking the whereabouts of Ms. Castillo's grandfather did not constitute persecution on account of any ground protected by immigration law, because the persons involved never harmed her or her family. See Lim v. INS, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone ... constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual 'suffering or harm.' ").

We also agree with the BIA that Ms. Castillo failed to establish a well-founded fear of future persecution, given that she allegedly endured death threats for three years yet was never physically harmed, and various family members (many of whom remain in the same house in Guatemala where threatening visits allegedly occurred), have not been harmed since she departed the country in 1992. See Manivong v. INS, 164 F.3d 432, 433 (8th Cir. 1999) (fact that relatives still reside in country, without incident, undermines reasonableness of alien's fear of persecution). Although Ms. Castillo testified her father had been kidnaped, tortured, and killed in 1983 or 1984, this horrific incident occurred several years before the threats against her commenced, and the

threats allegedly came from guerillas--not from the army, which she believed was responsible for her father's death. See Prasad v. INS, 47 F.3d 336, 340 (9th Cir. 1995) (attacks on family members do not necessarily establish well-founded fear of persecution absent pattern of persecution tied to petitioner). As a result of Ms. Castillo's failure to establish past persecution, the INS was not required to produce evidence showing improved country conditions in Guatemala; nonetheless, it did so with a State Department country report. See Kratchmarov v. Heston, 172 F.3d 551, 553 (8th Cir. 1999) (burden-shifting analysis).

Because substantial evidence supports the denial of asylum, we also affirm the denial of withholding of deportation. See id. at 555 (withholding standard is more stringent). Finally, we grant counsel's motion to withdraw.

Accordingly, we deny the petition.[1]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), amended by Act of Oct. 11, 1996, Pub. L. No. 104-302, 110 Stat. 3656, repealed 8 U.S.C. § 1105a (1994) and replaced it with a new judicial review provision codified at 8 U.S.C. § 1252. See IIRIRA § 306. As the new provision does not apply to deportation proceedings that commenced before April 1, 1997, this court continues to have jurisdiction under 8 U.S.C. § 1105a. See IIRIRA § 309(c).