# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3314

_____

Reazul Islam,                                              *
                                                           *
            Petitioner,                                    *
                                                           *   Petition for Review of an
      v.                                                   *   Order of the Immigration
                                                           *   and Naturalization Service.
Immigration and Naturalization Service                     *
                                                           *        [UNPUBLISHED]
            Respondent.                                    *

_____

Submitted:  July 5, 2001

Filed:  July 16, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Bangladeshi citizen Reazul Islam petitions for review of an order of the Board of Immigration Appeals (BIA), which dismissed his appeal from an Immigration Judge's denial of his request for asylum and withholding of deportation.  Mr. Islam argues the BIA ignored evidence that would have sustained his burden of proof that he suffered past persecution and had a well-founded fear of future persecution.  Upon careful review of the record and the parties' briefs, we hold that reasonable, substantial, and probative evidence in the record as a whole supports the BIA's determinations that

Mr. Islam failed to establish past persecution or a well-founded fear of persecution on account of any statutorily protected ground. See 8 U.S.C. § 1101(a)(42)(A) (refugee is alien unwilling to return to home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion"); Feleke v. INS, 118 F.3d 594, 597-98 (8th Cir. 1997) (standard of review).

Specifically, we conclude that an isolated incident--Mr. Islam was allegedly removed from his vehicle by a student faction of a political party to which he did not belong, but was not physically harmed--did not rise to the level of past persecution. See Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir. 1995) (allegations of isolated violence are insufficient).

We also find Mr. Islam's fear of future persecution not objectively reasonable. See Feleke, 118 F.3d at 598 (well-founded fear must be subjectively genuine and objectively reasonable). First, he provided no evidence--nor did he even argue--that he was harmed during the one-year period he remained in his family's apartment after the alleged persecution against himself and his father, both of whom belong to a minority political party in Bangladesh. See Safaie v. INS, 25 F.3d 636, 640-41 (8th Cir. 1994) (by remaining without incident in home country after alleged persecution, alien undercut her well-founded-fear claim). Second, Mr. Islam's father has remained unharmed in Bangladesh, where he operates a large business and is politically active. See Manivong v. INS, 164 F.3d 432, 433 (8th Cir. 1999) (fact that relatives still reside in country without incident undermines reasonableness of alien's fear). Third, the Immigration and Naturalization Service submitted an uncontradicted 1996 United States Department of State "Profile of Asylum Claims and Country Conditions," which showed that Bangladesh's political climate has improved since the political party that allegedly persecuted Mr. Islam and his father lost power in June of 1996. See Cigaran v. Heston, 159 F.3d 355, 358 (8th Cir. 1998) (relying on State Department's profile to conclude that alien's fear of future persecution on political grounds was unreasonable);

In re T-M-B, 21 I&N Dec. 775 (BIA 1997) (en banc) (State Department profile, in absence of contradictory evidence, is entitled to considerable deference).

Because substantial evidence supports the denial of asylum, we also affirm the denial of withholding of deportation. See Safaie, 25 F.3d at 640 (standard for withholding of deportation is more stringent than well-founded-fear standard).

Accordingly, we deny the petition.[1]

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), amended by Act of Oct. 11, 1996, Pub. L. No. 104-302, 110 Stat. 3656, repealed 8 U.S.C. § 1105a (1994) and replaced it with a new judicial review provision codified at 8 U.S.C. § 1252. See IIRIRA § 306. As the new provision does not apply to deportation proceedings that commenced before April 1, 1997, this court continues to have jurisdiction under 8 U.S.C. § 1105a. See IIRIRA § 309(c).