# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2842

_____

Rufino Mendoza Mendoza,     *
    *
        Petitioner,     *
    *    Petition for Review of
    v.     *    an Order of the Immigration
    *    and Naturalization Service.
Immigration and Naturalization Service, *
    *        [UNPUBLISHED]
        Respondent.     *

_____

Submitted: February 7, 2002

Filed: February 14, 2002

_____

Before HANSEN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Rufino Mendoza Mendoza petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an Immigration Judge's (IJ's) denial of his request for asylum and withholding of deportation, which concerned persecution on account of religion and membership in a particular social group. Petitioner argues (1) the IJ erred in discounting the validity of his evidence, (2) he proved past persecution and a well-founded fear of persecution, and (3) the Immigration and Naturalization Service (INS) failed to produce evidence showing changed country conditions.

The Attorney General has discretion to grant a "refugee" asylum. See 8 U.S.C. § 1158(b)(1). A refugee is an alien unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." See 8 U.S.C. § 1101(a)(42)(A). To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." See INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). With jurisdiction under 8 U.S.C. § 1105a(a),[1] we review for an abuse of discretion and must uphold the BIA's decision that an alien is not eligible for asylum if the decision is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." See Feleke v. INS, 118 F.3d 594, 598 (8th Cir. 1997).

The record, considered as a whole, supports the BIA's reasons for not fully crediting petitioner's testimony: he gave inconsistent testimony as to when very significant events occurred; he lacked basic knowledge about Mormonism despite claiming to have belonged to a Mormon church, where his father was a minister; he claimed to have come to the United States in part seeking religious freedom, yet never attended a Mormon church here because he could not find one; and he managed to find and chose to attend a church of the Catholic faith, the faith of his alleged persecutors. See Ghasemimehr v. INS, 7 F.3d 1389, 1391 (8th Cir. 1993) (per curiam) (this court will defer to adverse credibility finding as long as "specific, cogent reason for disbelief" supports finding); Rodriguez-Rivera v. INS, 848 F.2d

---

[1]The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), amended by Act of Oct. 11, 1996, Pub. L. No. 104-302, 110 Stat. 3656, repealed 8 U.S.C. § 1105a (1994) and replaced it with a new judicial review provision codified at 8 U.S.C. § 1252. See IIRIRA § 306. As the new provision does not apply to deportation proceedings that commenced before April 1, 1997, this court continues to have jurisdiction under 8 U.S.C. § 1105a. See IIRIRA § 309(c).

998, 1002 (9th Cir. 1988) (per curiam) ("It is the BIA that we review."). Further, the BIA did not abuse its discretion in according no weight to the documentary evidence petitioner submitted, i.e., a statement from the mayor of his former town, because petitioner testified that he did not know the mayor, his letter to the mayor requesting the statement told petitioner's story, and the statement referred to events from "1981" whereas petitioner testified that those events occurred in the 1990s. Thus, petitioner failed to prove past persecution.

Petitioner also failed to establish an objectively reasonable fear of future persecution, given that he had "no idea" what had happened to his parents, whom he had not seen after their house allegedly burned down, and he was not threatened during the five or six months he lived in a new town in Guatemala before coming to the United States. See Feleke, 118 F.3d at 598 (requiring alien to establish, inter alia, objectively reasonable fear of future persecution); Prasad v. INS, 47 F.3d 336, 340 (9th Cir. 1995) (attacks on family members do not necessarily establish well-founded fear of persecution absent pattern of persecution tied to alien); Safaie v. INS, 25 F.3d 636, 640-41 (8th Cir. 1994) (by remaining without incident in home country after alleged persecution, alien undercut well-founded-fear claim).

Because petitioner failed to establish past persecution, the INS was not required to produce evidence showing Guatemala's conditions have improved, see Kratchmarov v. Heston, 172 F.3d 551, 553 (8th Cir. 1999) (burden-shifting analysis); nonetheless, it submitted documentation showing improved conditions.

Finally, because substantial evidence supports the denial of asylum, we also affirm the BIA's denial of withholding of deportation. See id. at 555 (clear-probability standard for withholding is more stringent than well-founded-fear standard for asylum).

Accordingly, we deny the petition.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.