# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2991

_____

| | | |
|---|---|---|
| Jiksa Feyessa, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of an |
| v. | * | Order of the Immigration and |
| | * | Naturalization Service. |
| John D. Ashcroft, Attorney General | * | |
| of the United States, | * | **[UNPUBLISHED]** |
| | * | |
| Respondent. | * | |

_____

Submitted: September 5, 2003
Filed:   September 26, 2003

_____

Before RILEY, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Ethiopian citizen Jiksa Feyessa (Feyessa) petitions for review of an order of the Board of Immigration Appeals (BIA) summarily affirming an Immigration Judge's (IJ's) denial of his application for asylum and withholding of removal. For reversal, Feyessa argues the BIA abused its discretion in denying his application, and the summary affirmance violated his due process rights. After careful review, we deny the petition.

We defer to the IJ's adverse credibility findings, because they are supported by "specific, cogent reason[s] for disbelief." See Ghasemimehr v. INS, 7 F.3d 1389, 1391 (8th Cir. 1993) (per curiam). As the IJ noted, Feyessa did not offer any evidence to corroborate his alleged political activities and mistreatment by government forces. See Perinpanathan v. INS, 310 F.3d 594, 598 (8th Cir. 2002); Ghasemimehr, 7 F.3d at 1391. In addition, Feyessa's father continued to draw a pension in Ethiopia and his mother continued to work there despite the family's alleged political activities. Feyessa had obtained an exit visa and renewal of his passport in 1994, and over the next several years his parents were able to travel back and forth between Ethiopia and the United States. A 1997 Department of State profile of Ethiopia indicates members of Feyessa's political party are being invited to participate peacefully in the political process and most political prisoners have been released.

Because the only evidence of past or future persecution was Feyessa's uncorroborated and discredited testimony, we conclude substantial evidence supports the IJ's finding that Feyessa did not show he suffered past persecution or had a well-founded fear of future persecution. See Feleke v. INS, 118 F.3d 594, 598 (8th Cir. 1997). Further, we find no violation of Feyessa's due process rights in this case. See Dominguez v. Ashcroft, 336 F.3d 678, 680 (8th Cir. 2003); Georgis v. Ashcroft, 328 F.3d 962, 967 (7th Cir. 2003).

Accordingly, we deny the petition.

_____