# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3318
_____

| | | |
|---|---|---|
| Maria Victoria Pena Alvarez, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the Immigration |
| | * | and Naturalization Service. |
| John D. Ashcroft, | * | |
| | * | [UNPUBLISHED] |
| Respondent. | * | |

_____

Submitted: October 3, 2003

Filed: October 16, 2003
_____

Before RILEY, HANSEN, and SMITH, Circuit Judges.
_____

PER CURIAM

Colombian citizen Maria Victoria Pena Alvarez petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture.

We conclude that the BIA's denial of asylum and withholding of removal is supported by substantial evidence. See Perinpanathan v. INS, 310 F.3d 594, 597 (8th Cir. 2002) (standard of review); Francois v. INS, 283 F.3d 926, 932-33 (8th Cir. 2002) (petitioner's burden for withholding of removal is more onerous than for

asylum). Alvarez did not show past persecution or a well-founded fear of future persecution on account of her political opinion, i.e., neutrality: she presented no evidence that the persons who called and threatened her did so because of her neutrality; she admitted that she never experienced any physical harm; and she failed to explain how the threats caused her significant suffering or harm. See Lim v. INS, 224 F.3d 929, 936 (9th Cir. 2000) (unfulfilled threats alone do not constitute past persecution, unless threats are so menacing as to cause significant actual suffering or harm; where petitioner was not closely confronted or otherwise harmed, he did not suffer past persecution from threats); Ghasemimehr v. INS, 7 F.3d 1389, 1390-91 (8th Cir. 1993) (per curiam) (where petitioner did not assert police singled him out for search because of his political views, petitioner failed to show past political persecution). Further, her association with an ex-boyfriend who was kidnapped did not establish a well-founded fear, given her testimony that she had had no contact with him since departing Colombia.

We also conclude the BIA properly denied relief under the Convention Against Torture. See 8 C.F.R. § 208.16(c)(2) (2002) (burden of proof is on applicant to establish it is more likely than not that she would be tortured if removed to proposed country of removal).

Accordingly, we deny the petition.

_____