# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3143

———————

| | |
|---|---|
| Fatoumata Binta Dieng, | * |
| | * |
| Petitioner, | * |
| | * Petition for Review of an |
| v. | * Order of the Board of |
| | * Immigration Appeals. |
| John Ashcroft, Attorney General for | * |
| the United States, | * [UNPUBLISHED] |
| | * |
| Respondent. | * |

———————

Submitted: August 5, 2004
Filed: August 23, 2004

———————

Before MELLOY, LAY, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Fatoumata Dieng illegally entered the United States on or about January 18, 1997, using her sister's passport, and removal proceedings were later instituted against her. She conceded removability but applied for asylum, withholding of removal, and relief under the Convention Against Torture, alleging, *inter alia*, numerous incidences of harassment and violence while she was in Sierra Leone and Guinea. After a hearing, an Immigration Judge ("IJ") denied Dieng's applications for relief finding that Dieng was not credible and that she had not met her burden of proving a well-founded fear of persecution. Petitioner appealed to the Board of Immigration Appeals ("BIA"), which summarily affirmed the IJ.

We review the BIA's decision for substantial evidence, see INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992), and will reverse only if the evidence was "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. at 483-84. Likewise, we review the IJ's credibility finding for substantial evidence, see Ghasemimehr v. INS, 7 F.3d 1389, 1391 (8th Cir. 1993), and will "defer[] to an immigration judge's credibility finding where the finding is supported by a specific, cogent reason for disbelief." Perinpanathan v. INS, 310 F.3d 594, 597 (8th Cir. 2002) (quotations and citations omitted).

Dieng argues that the BIA "obviously overlooked most of the facts and evidence" she submitted, and that she presented sufficient credible evidence of past persecution and a well-founded fear of future persecution to support her asylum application. However, after close examination of the record, we find that the IJ's decision[1] is supported by substantial evidence. The IJ's credibility finding was supported by specific, cogent reasons for disbelief, including, among other things: 1) the complete contradiction between her first asylum application and her second asylum application; 2) her failure to provide sufficient detail relating to the events that led to her flight to the United States; 3) that she is an active opponent of female genital mutilation, yet left her daughter in Guinea with a relative who favors the practice; 4) that her oral testimony did not match her multiple affidavits; and 5) that her explanation for the authenticity of one of her documents contradicts the document itself. Given this lack of credibility and the lack of corroborating evidence noted by the IJ, it cannot be said that Dieng's evidence, taken as a whole, was "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."

---

[1]When the BIA affirms without explanation, the IJ's opinion becomes the subject of our judicial review. See Nyama v. Ashcroft, 357 F.3d 812, 815 n.2 (8th Cir. 2004).

<u>Elias-Zacarias</u>, 502 U.S. at 483-84.  Likewise, we cannot find anything to support Dieng's assertion that the BIA overlooked facts or evidence.

Accordingly, Dieng's petition for review is denied.

_____