**HAPIDUDIN, Petitioner,**

v.

**Alber to GONZALES,\* Attorney General, Respondent.**

**No. 03–74688.**

**Agency No. A79–195–336.**

United States Court of Appeals, Ninth Circuit.

Submitted April 6, 2005.\*\*

Decided April 11, 2005.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before CANBY, TALLMAN, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Hapidudin appeals a Board of Immigration Appeals (BIA) decision summarily affirming an immigration judge's (IJ) denial of his claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Hapidudin bases his claims on the general, albeit tragic, state of civil unrest, violence, and poverty found in Indonesia. Although it is clear that Hapidudin subjectively fears returning to Indonesia, under the relevant statutes, precedent, and standard of review, his petition must be denied.

■■■ Substantial evidence supports the denial of Hapidudin's application for asylum and withholding of removal. *See Njuguna v. Ashcroft,* 374 F.3d 765, 769 (9th Cir.2004). First, the IJ properly determined that Hapdidudin failed to establish a well-founded fear of persecution on account of race, religion, nationality, political opinion, or membership in a particular social group. 8 U.S.C. § 1101(a)(42)(A). Hapidudin failed to show that any alleged persecution was on account of membership in any of the five statutorily enumerated categories. Additionally, even though he

subjectively feared returning to Indonesia, Hapidudin failed to show that these fears were objectively reasonable. Specifically, he feared that he would suffer because of civil unrest, high incidents of violent crime, socioeconomic conditions, random bombings, and Islamic militia recruiting. However, Hapidudin "cannot simply prove that there exists a generalized or random possibility of persecution ...; [he] must show that [he] is at particular risk—that [his] predicament is appreciably different from the dangers faced by [his fellow Indonesians]." *Singh v. INS,* 134 F.3d 962, 967 (9th Cir.1998) (citing *Kotasz v. INS,* 31 F.3d 847, 852 (9th Cir.1994)). Further undermining Hapidudin's claim for relief is the fact that his "similarly-situated family members continue to live in [Indonesia] without incident[.]" *Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001) (citation omitted). Thus, substantial evidence supports the denial of Hapidudin's application for asylum.

Because Hapidudin failed to establish eligibility for asylum, he necessarily failed to meet the more stringent "clear probability" requirement for withholding of removal. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999); *see also Singh,* 134 F.3d at 971. Accordingly, substantial evidence supports the denial of Hapidudin's application for withholding of removal. *See Njuguna,* 374 F.3d at 769.

Finally, substantial evidence supports the denial of CAT relief. *See Bellout v. Ashcroft,* 363 F.3d 975, 979 (9th Cir.2004). Hapidudin based his CAT claim on the assertion that he will more likely than not be subjected to torture because the general conditions in Indonesia—riots, bombings, a high crime rate, and general instability—are *de facto* torturous. While

admittedly tragic, these allegations do not establish that Hapidudin will "more likely than not" be tortured if returned to Indonesia. *See Kamalthas v. INS,* 251 F.3d 1279, 1282–83 (9th Cir.2001).

Accordingly, the petition for review is DENIED.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.