# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3088

_____

| | | |
|---|---|---|
| Dorcas Tabitha Njenga, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of a Final |
| v. | * | Decision of the Board of |
| | * | Immigration Appeals. |
| Alberto Gonzales, Attorney General | * | |
| of the United States of America, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted:  March 16, 2007
Filed:  March 30, 2007

_____

Before MELLOY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Dorcas Tabitha Njenga, a native and citizen of Kenya, petitioned for asylum. The Immigration Judge (IJ) denied the petition. The Board of Immigration Appeals (BIA) affirmed. Njenga now seeks review. We deny the petition.

Njenga arrived in the United States on a temporary visa that authorized her to stay until September 2001. She overstayed her visa and, in 2002, Njenga applied for asylum, withholding of removal and relief under the Convention Against Torture (CAT).

Njenga, now age 26, submitted four grounds in support of her petition. She feared, if returned to Kenya, that: (1) her uncles and aunts would pressure her immediate family to subject her to Female Genital Mutilation (FGM); (2) she would be unable to receive a nursing education in Kenya; (3) she would become a victim of the country's high crime rate and (4) her brothers would be unable to protect her from the country's crime and her extended family's desire to subject her to FGM. Njenga was the sole witness in her hearing. The IJ found that her fears were not objectively reasonable and denied Njenga's petition. The BIA affirmed. Njenga appeals only the denial of asylum.

Njenga is eligible for asylum if she establishes that she possesses "a well-founded fear of persecution [based upon] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).

Denial of asylum is reviewed for abuse of discretion; underlying factual findings are reviewed for substantial support by the record. *Manivong v. Dist. Dir., United States Dep't of Justice I.N.S.*, 164 F.3d 432, 433 (8th Cir.1999). An IJ's factual determinations "must be upheld if supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Tang v. I.N.S.*, 223 F.3d 713, 718 (8th Cir.2000). "[This] standard is a deferential one, requiring a reviewing court to uphold a denial of asylum unless an alien demonstrates that the evidence he presented was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." *Nyama v. Ashcroft,* 357 F.3d 812, 816 (8th Cir.2004) (internal quotation and citation omitted).Where, as here, the BIA affirms the IJ opinion without discussion, we review the IJ's opinion directly. *Gebrehiwot v. Ashcroft*, 374 F.3d 723, 725 (8th Cir. 2004).

Njenga submitted four grounds for her asylum petition. A lack of educational opportunities and a generalized fear of crime are not permissible grounds for asylum. *Nyonzele v. I.N.S.*, 83 F.3d 975, 983 (8th Cir. 1996) (holding that "[f]ears of economic

hardship or a lack of educational opportunities, however, do not establish a well-founded fear of persecution"); *Hapidudin v. Gonzales*, 126 Fed. Appx. 406 (9th Cir. 1005) (unpublished) (holding that generalized fear based upon crime is not a ground for asylum or CAT relief). Therefore, Njenga's asylum petition must be rooted in a well-founded fear of FGM.

A well-founded fear of future persecution must be both subjectively genuine and objectively reasonable. *Chay-Velasquez v. Ashcroft*, 367 F.3d 751 (8th Cir. 2004). The IJ assumed that Njenga had a credible and reasonable subjective fear of FGM. However, the IJ determined that this fear was not objectively reasonable.

The IJ based its conclusion that Njenga's fear of FGM was not objectively reasonable on several factual findings: (1) Njenga had managed to live in Kenya into her twenties without being subjected to FGM; (2) Njenga admitted to her asylum officer that FGM is rarely performed on adults; (3) Njenga's parents, grandparents, and siblings all oppose FGM; (4) Njenga stated that if she were returned, then she would most likely live in Nairobi, the Kenyan capital, where the practice of FGM is rare; (6) only 38% of the Kenyan female population had undergone FGM, most of the victims living in rural communities; and (7) the Kenyan government had outlawed the practice of FGM.

Njenga does not dispute any of these findings. The IJ's determination that Njenga lacked an objectively reasonable well-founded fear of future persecution is amply supported by the record. Her petition is denied.

_____